UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD PLOG,

                    Plaintiff,

      v.                                            Case No. 22-cv-1160-bhl

KILOLO KIJAKAZI, Acting Commissioner
for Social Security Administration,

                    Defendant.

## DECISION AND ORDER

       Plaintiff Ronald Plog seeks the reversal and remand of the Acting Commissioner of Social Security's decision denying his application for Supplemental Security Income (SSI) and Social Security Disability Insurance (SSDI) under the Social Security Act. For the reasons set forth below, the Acting Commissioner's decision will be affirmed.

## PROCEDURAL BACKGROUND

       Ronald Plog applied for SSI and SSDI on May 24, 2017. (ECF No. 11 at 2.) His claim was denied initially and on reconsideration, so he sought a hearing before an administrative law judge (ALJ). (*Id.*) That hearing occurred on March 7, 2018. (*Id.*) The ALJ issued an unfavorable decision, and the Appeals Council declined review. (*Id.*) Plog then filed an action with this Court on June 25, 2020. (*Id.*) The parties stipulated to a remand, and, on October 20, 2021, Plog received a second hearing before an ALJ. (*Id.*) On November 18, 2021, the ALJ issued a second unfavorable decision, finding Plog "not disabled." (*Id.*) The Appeals Council again denied his request for review, and this action followed. (*Id.*)

## FACTUAL BACKGROUND

       Plog has long suffered from anxiety and depression. (ECF No. 11 at 3.) At their worst, his symptoms inspired suicidal ideation and intent. (*Id.* at 10.) In her decision, the ALJ found that Plog had the following severe impairments: "a mild cognitive impairment; depression; anxiety; and drug and alcohol abuse." (ECF No. 9-9 at 15.) But she nevertheless concluded that he retained

the residual functional capacity to "perform a full range of work at all exertional levels" subject to a variety of non-exertional limitations. (*Id.* at 18.)

## LEGAL STANDARD

The Acting Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* Thus, in rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citation omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the [Acting] Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Plog argues that the ALJ improperly discounted the opinions of psychiatric care provider Dr. David McMahon. The Acting Commissioner sees no fault in the ALJ's analysis and calls Plog's case an inappropriate invitation to reweigh the evidence. Because the Acting Commissioner is correct that remand would require this Court to reweigh evidence the ALJ already adequately assessed, her decision will be affirmed.

## I.     The ALJ Adequately Assessed Dr. McMahon's Opinions.

ALJs do not "defer or give any specific evidentiary weight . . . to any medical opinion." 20 C.F.R. §404.1520c(a). Instead, they analyze opinions by persuasive value according to several factors, the most important of which are supportability and consistency. *Id.* An opinion is more persuasive when supported by relevant objective medical evidence and explanations. *Id.* at (c)(1). Similarly, an opinion is worth more when consistent with evidence from other sources. *Id.* at (c)(2).

In this case, Dr. McMahon opined that Plog would "be absent from work more than five days per month as a result of his impairments." (ECF No. 9-9 at 22.) He also stated that Plog had "unlimited or very good to an inability to meet competitive standards limitations regarding mental abilities and aptitudes needed to perform unskilled work, as well as an inability to meet competitive standards limitations concerning mental abilities and aptitudes needed to [perform] semi-skilled and skilled work." (*Id.*) He found that Plog would "need to take five unscheduled breaks during an average workday with each break lasting 45 minutes." (*Id.*) And he ultimately opined that Plog "would likely lose a job if he were to obtain one due to making poor decisions and missing too many days of work." (*Id.* at 22-23.)

The ALJ called Dr. McMahon's opinions "not persuasive" because they were "not supported by his own examinations of the claimant", were "not consistent with medical records and mental status examinations", opined on issues "reserved to the [Acting] Commissioner", and did "not provide a function by function assessment."[1] (*Id.* at 23.) Plog's position is that the ALJ only reached this conclusion because she ignored the plethora of abnormal exam findings littered throughout Dr. McMahon's notes and the record as a whole. He points to a bevy of evidence that seemingly corroborates the doctor's opinions. For example, on various occasions, Dr. McMahon identified in Plog cognitive deficiencies and abnormal mood and affect. (ECF No. 9-7 at 47, 49, 53, 57, 61, 64, 68, 74, 78.) Other medical providers noted poor concentration, depressed mood, tangential thinking, and difficulty paying attention. (*Id.* at 142, 150, 155, 161.) And Plog was twice admitted for voluntary inpatient treatment, including once on January 24, 2020 for "recovery from suicide attempt by medication overdose." (ECF No. 9-14 at 47.)

The ALJ did not directly cite all of this evidence. She did explicitly address Plog's 2020 suicide attempt and subsequent inpatient treatment. (ECF No. 9-9 at 21.) But many of the other appointments Plog relies on go unmentioned in the operative decision. This, however, is not fatal. While an ALJ may not dismiss "an entire line of evidence that is contrary to the ruling," *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003), she need not "discuss every piece of evidence in the record." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The concern is that the ALJ will reach an outcome and then selectively fashion a record to support it ex post. That did not occur here. The ALJ did not incorporate each piece of evidence Plog identifies, but

---

[1] Plog acknowledges that Dr. McMahon may have opined on issues reserved to the Acting Commissioner and does not challenge that those opinions were properly discounted. (ECF No. 11 at 17 n.3.)

she did address similar exam findings from other medical visits. She acknowledged a December 2016 appointment at which Plog complained of anxiety, sadness, poor sleep, and low energy. (ECF No. 9-9 at 20.) She also discussed his "restricted affect" and "sad and anxious mood." (*Id.*) And she referenced cognitive impairments and memory problems. (*Id.* at 20-21.) This summary of Plog's medical history is sufficient. An ALJ is not required to cite and expound upon every duplicative piece of evidence in the record. Further, in considering what weight to afford Dr. McMahon's opinions, the ALJ properly balanced the abnormal exam findings against those reflecting "alertness, full orientation, intact memory, a normal mood, a normal memory, and statements from treating providers that [Plog's] anxiety and depression are stable on current medications."[2] (*Id.* at 23.)

Plog is understandably dissatisfied with the ALJ's conclusion. *See Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015). But "[f]aced with evidence that cuts both ways, the fact that the ALJ chose one side does not suggest error." *Hall v. Saul*, No. 19-CV-1780, 2020 WL 7074474, at *5 (E.D. Wis. Dec. 3, 2020). In other words, as the Acting Commissioner suggests, Plog's case is little more than a request to reweigh evidence. That is not this court's role.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Acting Commissioner's decision is **AFFIRMED** pursuant to 42 U.S.C. §405(g), sentence four, and this case is **dismissed**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 7, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] Plog argues that the stability of his mental illness on medication is not relevant to the persuasiveness of Dr. McMahon's opinions because "to say symptoms are 'stable' usually suggests nothing about the severity of the impairment." (ECF No. 11 at 18-19 (quoting *Roche v. Kijakazi*, No. 20-CV-556, 2021 WL 3030649, at *3 (E.D. Wis. July 19, 2021).) Evidence of stable conditions can be a valid reason to discount a physician's opinion. *See Andrews v. Kijakazi*, No. 21-cv-0369-bhl, 2022 WL 17361865, at *3 (E.D. Wis. Nov. 30, 2022). But even if the ALJ erred in citing evidence of stable conditions, she gave plenty of other good reasons supporting her evaluation of Dr. McMahon's opinion, so the error is harmless.